**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

**JOHN CARVER,**

    **Plaintiff,**

v.                                                   Case No. _____

**THE FRESH MARKET, INC.**                **TRIAL BY JURY DEMANDED**

    <u>**Serve**</u>**: Corporate Creations Network, Inc., Registered Agent**
             **425 W. Washington St. Ste. 4**
             **Suffolk, VA 23434**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff John Carver ("Carver" or "Plaintiff"), by counsel, and for his Complaint against Defendant, The Fresh Market, Inc. states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This Court has subject matter jurisdiction because the negligent acts and omissions complained of which gave rise to the cause of actions pled herein occurred in the city of Newport News, Virginia.

2. This Court has personal jurisdiction over the Defendant pursuant to at least, but not limited to, VA. CODE ANN. § 8.01-328.1(1)-(3).

3. Venue is proper in this Court pursuant to at least, but not limited to, VA. CODE ANN. §8.01-262(3)-(4).

4. Plaintiff, John Carver is a resident of the Commonwealth of Virginia.

5. Defendant, The Fresh Market, Inc. is a Corporation organized under the laws of Delaware with a principal office located in Greensboro, North Carolina.

## FACTS

6. At all times relevant to this matter, Defendant owned, operated, and maintained a Fresh Market store located at 12131 Jefferson Ave, Newport News, Virginia 23602 (the "Fresh Market").

7. At all times relevant to this matter, Defendant's agents, employees, and servants operated, maintained, and controlled the Fresh Market within the scope of their employment, agency, and/or master-servant relationship with Defendant.

8. On December 13, 2018, John Carver was lawfully and properly in the Fresh Market as a business invitee.

9. On that day, Carver and his wife were at the Fresh Market to shop for groceries.

10. When Carver entered the store, he needed to use the restroom. While walking to the restroom, Carver slipped and fell on a sticky substance ("the Substance") that was on the floor.

11. Carver did not see the Substance before his fall as it did not contrast with the color of the floor.

12. The area of the Fresh Market where Carver fell is in a central, high traffic portion at the front of the store near the check-out line, registers, and exit door.

13. At the time and place of Carver's fall, there were no signs, cones, or other warning devices present to indicate the presence of a dangerous condition in the area of the Fresh Market where Carver fell.

**EXHIBIT A**

## COUNT I
## NEGLIGENCE

14. All of the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

15. Defendant owed a duty to Carver, and its other business invitees, to maintain the Fresh Market in a reasonably safe condition and free from slipping and tripping hazards such as the Substance Carver tripped on.

16. Defendant owed a duty to Carver, and its other business invitees, to exercise ordinary care and caution in the ownership, management, maintenance, and control of the Fresh Market.

17. Defendant owed a duty to Carver, and its other business invitees, to discover tripping and slipping hazards, such as the Substance, at the Fresh Market within a reasonable period of time.

18. Defendant owed a duty to Carver, and its other business invitees, to adequately warn its invitees of tripping and slipping hazards, such as the Substance, at the Fresh Market which Defendant knew or in the exercise of ordinary care should have known existed.

19. Defendant knew or should have known that Carver, and other invitees, would walk in the area where Carver fell.

20. Defendant knew or should have discovered that the Substance posed a dangerous hazard to Carver and its business invitees because the Substance existed in a prominent surveilled and high traffic area of The Fresh Market for a sufficient period of time for Defendant to have developed actual or constructive knowledge of the Substance.

EXHIBIT A

21. Defendant had actual knowledge of the presence of the Substance and negligently failed to warn Carver and its business invitees of the presence of the Substance.

22. In the alternative, Defendant should have known of the presence of the Substance in the exercise of reasonable care under the circumstances as the Substance was in a prominent, surveilled, and high traffic portion of The Fresh Market.

23. The Substance did not constitute an open and obvious hazard to Carver because the color of the Substance did not contrast with the coloring of the flooring where it existed.

24. Carver exercised due care at all times when he was in The Fresh Market.

25. Notwithstanding said duties owed to Carver, Defendant, through its agents, employees, and servants, The Fresh Market carelessly, recklessly, and negligently failed to keep the premises in a reasonably safe condition and to warn Carver, and its other invitees, of dangerous conditions in the store thereby resulting in injury to Carver.

26. Defendant, The Fresh Market, was negligent in each of the following instances:

    a. The Fresh Market failed to keep the store in a reasonably safe condition and to prevent the existence of sticky, slippery substances on the floors of the store.

    b. The Fresh Market failed to place any signs, cones, or other warning devices, near the location of Carver's fall, to warn Carver, and its invitees, of the dangerous condition present in the store.

27. All of the foregoing acts and omissions constitute negligence on behalf of the Defendant.

EXHIBIT A

28.   As a direct and proximate result of the Defendant's negligence, Carver slipped and fell on the Substance and suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future inconvenience; incurred past, present, and future medical expenses; and was prevented from performing his regular activities.

29.   Trial by jury on all counts contained in this Complaint is demanded.

WHEREFORE, Plaintiff John Carver, by counsel, respectfully requests that this Court take jurisdiction of this matter, hear such evidence as it deems necessary, and thereafter enter judgment against Defendant The Fresh Market, Inc. in the amount of Two Million Dollars ($2,000,000.00), interest at 6% per annum from December 13, 2018, post-judgment interest at 6% per annum, costs, and for such other and further relief as this Court deems appropriate.

**JOHN CARVER**

By *[signature]*
Counsel

Jason E. Messersmith (VSB #77075)
F. Alex Coletrane (VSB #78381)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: acoletrane@pwhd.com
Telephone: (757) 223-4505
Facsimile: (757) 223-4518
*Counsel for Plaintiff John Carver*

**EXHIBIT A**